## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**February 16, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: A.B.

No. 15-1013 (Mercer County 14-JA-117-WS)

## MEMORANDUM DECISION

Petitioner Mother T.T., by counsel Natalie N. Hager, appeals the Circuit Court of Mercer County's October 6, 2015, order terminating her parental, custodial, and guardianship rights to one-year-old A.B. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Malorie N. Estep-Morgan, also filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in not accepting the voluntary relinquishment of terminating her parental rights.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2014, the DHHR filed an abuse and neglect petition against petitioner alleging that she abused prescription pain killers. In support of the petition, the DHHR alleged that petitioner gave birth to A.B. who was addicted to prescription pain killers. Furthermore, during the investigation, petitioner admitted to ingesting pain killers during her pregnancy and being involved in prior abuse and neglect proceedings. Thereafter, petitioner stipulated that her substance abuse impaired her ability to care for the child. Accordingly, the circuit court found that the child was an abused child. Subsequently, petitioner was granted a post-adjudicatory improvement period. The terms and conditions of the improvement period required petitioner to complete an inpatient drug detoxification program, submit to drug screens, and other services.

Between January and June of 2015, the circuit court held three review hearings on the progress of petitioner's post-adjudicatory improvement period. The parties proffered that petitioner tested positive for suboxone and failed to participate in services. Importantly, despite being accepted to an inpatient drug detoxification program, petitioner declined to attend the

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

program. In September of 2015, the circuit court held a dispositional hearing. The DHHR presented evidence that petitioner failed to enter an inpatient drug detoxification program, failed to participate in parenting and other services, and failed twelve drug screens. Petitioner did not present any evidence.[2] At the conclusion of the hearing, the circuit court found that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future and the child's welfare required termination. By order entered on October 6, 2015, the circuit court terminated petitioner's parental, custodial, and guardianship rights to the child. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner argues that the circuit court should have accepted her intent to voluntary relinquish her parental rights in lieu of involuntarily terminating her parental, custodial, and guardianship rights to A.B. We disagree. To begin, in one short paragraph of argument, petitioner does not cite to a single case in support of her argument. This is in direct contradiction to this Court's Rules of Appellate Procedure and specific directions issued by administrative order.

Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

[t]he brief must contain an argument exhibiting clearly the points of fact *and law* presented, *the standard of review applicable, and citing the authorities relied on* . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, then-Chief Justice Menis E.

---

[2]Petitioner did not attend the dispositional hearing. Further, petitioner's counsel proffered her intent to voluntarily relinquish her parental rights.

Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the . . . record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief is woefully inadequate. While it does appropriately cite to the applicable standard of review on appeal, it is lacking citations to any relevant legal authority. Thus, petitioner's assignment of error was not properly developed on appeal. However, despite petitioner's failure to preserve this issue for appeal, this Court has reviewed the record in this matter and determined that the circuit court committed no error in regard to petitioner's assignment of error. *See* Syl. Pt. 4, in part, *In re James G.*, 211 W.Va. 339, 566 S.E.2d 226 (2002) ("A circuit court has discretion in an abuse and neglect proceeding to accept a proffered voluntary termination of parental rights, or to reject it and proceed to a decision on involuntary termination.")

For the foregoing reasons, we find no error in the decision of the circuit court and its October 6, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**:  February 16, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II